UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DAVID FROHWERK,                    )
                                   )
        Plaintiff,                 )
                                   )        CAUSE NO. 2:11-CV-199-TLS
        v.                         )
                                   )
MARIA CARTER,                      )
                                   )
        Defendant.                 )

**OPINION AND ORDER**

David Frohwerk, a prisoner proceeding *pro se*, filed an amended complaint under 42
U.S.C. § 1983 [ECF No. 7]. Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner
complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief against a defendant who is immune from such
relief. 28 U.S.C. § 1915A(b). To survive dismissal, a complaint must state a claim for relief that
is "plausible on its face." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir.
2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial
plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Bissessur*, 581 F.3d at 602
(quotation marks omitted). In determining whether the complaint states a claim, the Court must
bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint,
however inartfully pleaded, must be held to less stringent standards than formal pleadings
drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations
omitted).

Here, the Plaintiff alleges that in June 2010, Maria Carter, the former supervisor of the
law library at Westville Correctional Facility, retaliated against him in violation of his

constitutional rights after he filed a grievance against her complaining about his access to the law library. (Am. Compl. 6, ECF No. 7.) Specifically, he claims that Carter threatened that if he pursued his grievance she would turn over evidence to the prison's Internal Affairs Office showing that he had hacked into the library computers. (*Id.* 6-8.) The Plaintiff disputes that he hacked into the computers. (*Id.*) He claims that her threat "intimidated" him because being placed under investigation would make him look like an informant to other inmates, and therefore made him "afraid to go to the law library often." (*Id.* 8–9.) He further asserts that he previously filed suit against Carter in LaPorte County Circuit Court based on these same events. (*Id.* 10–11.)

The Plaintiff's allegation that he previously filed suit against Carter based on these same events triggers *res judicata* concerns. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit between the same parties or their privies." *Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2007) (quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quotation marks and brackets omitted). Although *res judicata* is an affirmative defense, dismissal at the pleading stage is appropriate if the defense is apparent from the complaint itself. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the

district judge need not wait for an answer before dismissing the suit."); *see also In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009) (district court appropriately dismissed complaint at pleading stage based on an affirmative defense where the plaintiff included information pleading itself out of court).

Because the prior case the Plaintiff references was litigated in state court, the Court must look to Indiana law to determine whether it bars the present action. *See* 28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985) (noting that § 1738 "does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments," but rather "commands a federal court to accept the rules chosen by the State from which the judgment is taken.") (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982)). Under Indiana law, "[t]he following four requirements must be satisfied for a claim to be precluded under the doctrine of *res judicata*: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies." *MicroVote Gen. Corp. v. Ind. Election Comm'n,* 924 N.E.2d 184, 191 (Ind. Ct. App. 2010).

All four requirements are met here. First, the Indiana court had jurisdiction to entertain the Plaintiff's constitutional claim. *See Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 901 (7th Cir. 2010) (holding that "State courts possess not only the authority but also the duty to enforce federal law");  *see also Love v. Rehfus*, 946 N.E.2d 1 (Ind. 2011) (adjudicating First Amendment retaliation claim); *Smith v. Matthews*, 907 N.E.2d 1076 (Ind. Ct. App. 2009) (adjudicating

3

prisoner's First Amendment claim). Second, it is clear that there was a final judgment on the merits, as the Plaintiff asserts that the court dismissed his case as frivolous. *See* Ind. Code § 34-58-1-2 (requiring courts to review a prisoner complaint and dismiss it if it is frivolous, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief); *Smith v. Huckins*, 850 N.E.2d 480, 483 (Ind. Ct. App. 2006) (dismissal made pursuant to Ind. Code § 34-58-1-2 operates as dismissal with prejudice); *see also Baker & Daniels, LLP v. Coachmen Indus.*, 924 N.E.2d 130, 135 n.5 (Ind. App. Ct. 2010) (dismissal with prejudice constitutes final judgment for purposes of *res judicata*). Third and fourth, the Plaintiff makes clear that the earlier case involved the same events, and both suits were brought by the Plaintiff against Carter. (*See* Am. Compl. 10–11.) Therefore, the earlier state judgment bars the present action. If the Plaintiff believed the state court's judgment was in error, his remedy was to appeal through the state process, not to initiate an entirely new lawsuit in federal court. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (stating that "[i]n civil litigation, the final resolution of one suit is conclusive in a successor, whether or not that decision was correct," and therefore the plaintiff "had to appeal" in order to challenge the previous decision).

The Court afforded the Plaintiff an opportunity to show cause why his case should not be dismissed on *res judicata* grounds [ECF No. 16]. The bulk of the Plaintiff's response addresses the merits of his claim that Carter interfered with his library access. (*See* Supplement to the Record, ECF No. 18.) His only argument in response to the *res judicata* issue is his assertion—without citation to case law—that the state court did not have "subject matter jurisdiction over the matter at all." (*Id.* 1.) The Plaintiff asserts that the only "proper ruling" by the state court would have been to "transfer [the case] to the U.S. District Court since [he] was

seeking protection from harassment for engaging in constitutionally protected conduct." (*Id.* 2.) This is incorrect. As indicated above, the state court had jurisdiction to adjudicate the Plaintiff's federal constitutional claim. *See Gilbert*, 591 F.3d at 901. Furthermore, nothing in the record indicates that the state court dismissed the Plaintiff's case against Carter for lack of jurisdiction. Indeed, the Plaintiff asserts repeatedly that his case was dismissed as frivolous. (Am. Compl. 11; Supplement to the Record 1; Constructive Legal Notice to Court 1, ECF No. 15.) If the Plaintiff believed that this ruling was in error, his remedy was to file an appeal; the principle of *res judicata* prevents him from pursuing an entirely new lawsuit based on these same facts.

For the foregoing reasons, the Court DISMISSES this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED on February 21, 2012.

 s/Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION